United States District Court
District of Massachusetts

| | |
|---|---|
| LaNell Piercy, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. |
| v. | ) 24—10608-NMG |
| | ) |
| AT&T Inc., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

MEMORANDUM & ORDER

GORTON, J.

This putative class action arises out of a transfer in April, 2023, of Eight Billion Dollars in corporate pension obligations to a third-party annuity provider. Plaintiffs allege that defendants AT&T Inc., AT&T Services Inc., and State Street Global Advisors Trust Co. (collectively "defendants") failed to conduct an adequate and impartial investigation of the propriety of the annuity and its high-risk insurer, opting instead to purchase the annuity because it was an inexpensive option.

Plaintiffs filed suit on March 11, 2024. Four days later, a second putative class action was filed in a different session of this Court, Schloss, et al. v. AT&T Inc., et al., 1:24-cv-

-1-

10656-FDS.  The <u>Schloss</u> action arises out of the same April,
2023, transaction.

Pending before this Court are two motions filed by
plaintiffs in the instant action together with those in the
<u>Schloss</u> action.  The first is a motion 1) to consolidate the
actions, 2) to file a consolidated class action complaint, and
3) to appoint interim co-lead class counsel (Docket No. 61).
The second is a joint motion for 1) a stipulated briefing
schedule for the consolidated case, 2) an enlargement of the
default page limits, and 3) the sealing of a motion without
prejudice to refiling (Docket No. 63).  For the reasons that
follow, the first motion will be allowed and the second motion
will be allowed, in part, and denied, in part.

I.   **Consolidation of Actions**

According to the Local Rules of this Court, a motion for
consolidation of two or more cases shall be made in the first
case filed in the District. L.R., D. Mass. 40.1(k).
Responsibility for ruling on such a motion therefore falls to
this session.

Consolidation of multiple civil actions is governed by Fed.
R. Civ. P. 42(a).  Parties seeking consolidation must first show
that the cases contain a common question of law or fact. <u>Id.</u>
The court must then determine whether the benefits of
consolidation outweigh the costs. <u>Seguro de Servicio de Salud</u> v.

-2-

McAuto Sys. Grp., Inc., 878 F.2d 5, 8 (1st Cir. 1989).  If the cases include common parties, common questions of law and fact, and efficiency benefits, courts generally permit consolidation unless the opposing party shows "demonstrable prejudice." Id.

The instant cases involve common parties and common questions of fact and law.  Defendants in both cases include AT&T Inc., AT&T Services, Inc., and State Street Global Advisors Trust Co.  The central question at the core of each action is whether defendants violated obligations owed to plaintiffs arising from the same event: the transfer of pension obligations initiated by defendants in April, 2023.

Given this overlap in questions of law and fact, all parties, including defendants, stand to gain meaningful benefits through consolidation.  Both cases are at an early stage and discovery has not yet begun.  As such, consolidation

> avoids the need to contact parties and witnesses for multiple proceedings . . . and minimizes the expenditure of time and money for all parties involved.

Carr v. Analogic Corp., Nos. 18-11301-ADB, 18-11557-ADB, 2018 WL 2932858, at *1 (D. Mass. Oct. 10, 2018).

Consolidation of the actions is therefore warranted, and plaintiffs will be permitted to file their amended consolidated complaint.

## II.  **Appointment of Interim Co-Lead Class Counsel**

Federal Rule of Civil Procedure 23(g)(3) provides that a court may designate interim counsel prior to determining class certification.  Appointing interim lead counsel may be warranted in cases where there are

> overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated.

Id.; see also Manual for Complex Litigation (Fourth) § 21.11. Such is the case here.

Rule 23(g)(3) does not identify particular requirements for making an interim designation.  Instead, courts generally refer to factors listed in Rule 23(g)(1)(A), including the work counsel has conducted in investigating the claims and their relevant knowledge of the law.

The Court is not restricted to the appointment of a single lead counsel.  Though appointing multiple firms as class counsel runs the risk of "duplicative services and a concomitant increase in attorneys' fees," In re Milestone Sci. Secs. Lit., 183 F.R.D. at 418, such an arrangement is warranted so long as "the interest of all class members will be vigorously, professionally, yet efficiently handled." McMorris v. TJX Cos., 493 F. Supp. 2d 158, 167 (D. Mass. 2007).  In fact, co-lead counsel may be preferable where there are two sets of plaintiffs and both counsel are sufficiently experienced to allow

-4-

coordination of the proceedings in a manner that will avoid unnecessary duplication. See Walker v. Deutsch Bank, A.G., No. 04 Civ. 1921(DAB), 2005 WL 2207041, at *3 (S.D.N.Y. Sept. 6, 2005).

Based upon their memoranda and affidavits, the Court is satisfied that the firms for the joint plaintiffs, Zuckerman Spaeder and Schlichter Bogard, will provide competent representation as interim co-lead counsel and will not duplicate that of the other.  Both firms have received industry recognition for their work in their respective fields.

The two firms are also apparently well-versed in the details of this case, having conducted extensive independent investigations of their respective plaintiffs' claims.  Counsel assures the Court that consolidation will allow the firms to cooperate and minimize duplicative work going forward.

### III. **Briefing Schedule**

The parties in their pleadings requested deadlines that are now outdated.  The Court therefore sets the following new schedule:

- the consolidated complaint will be filed on or before
  **Friday, November 15, 2024;**
- defendants' responses to the consolidated complaint are due
  on or before **Friday, November 29, 2024;**

- plaintiffs' opposition to any motion(s) to dismiss is due on or before **Friday, December 13, 2024.**

The Court reserves judgment on whether to grant defendants leave to file a reply and therefore declines to set a deadline for such filing at this time.  The parties may seek leave of court if a reply is deemed necessary.

## IV.  Enlargement of Page Limits

The parties have requested a "slight" enlargement of this Court's default page limits from 20 to 40 pages for opening and opposition briefs and from 10 to 20 pages for replies.  The requested increase is more than necessary but the Court will allow the parties a 10-page increase in the page limit for opening and opposition briefs, for a total of 30 pages each.  As per above, the Court will not set a page limit for replies at this time.

## V.  Motions to Dismiss and to Seal Supporting Exhibits

The pending motion to dismiss and to seal certain exhibits in support thereof are dealt with in the order below.  The parties seek to have this Court rule on similar motions pending in the Schloss case but this session cannot rule on motions pending in a case assigned to another session.  After consolidation the parties may proceed as necessary.

ORDER

For the foregoing reasons,

1) the plaintiffs' motion to consolidate actions and appoint interim co-lead counsel (Docket No. 61) is **ALLOWED**;

2) the parties' joint motion (Docket No. 63) is **ALLOWED**, in part, and **DENIED**, in part, such that the briefing schedule for the consolidated case is as set forth above in the memorandum and the page limit for opening and opposition briefs is enlarged to 30 pages;

3) the defendants' motion to dismiss (Docket No. 53) is **DENIED** as moot; and

4) the defendant's motion to seal (Docket No. 49) is **DENIED** as moot.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated:   November 8 , 2024