United States District Court
District of Massachusetts

```
                              )
Piercy et al.,                )
                              )
         Plaintiff,           )
                              )
         v.                   )      Civil Action No.
                              )      24-10608-NMG
AT&T Inc. et al.,             )
                              )
         Defendant.           )
                              )
                              )
```

MEMORANDUM & ORDER

GORTON, J.

The Court is in receipt of the Report and Recommendation ("R&R") of Magistrate Judge Paul G. Levenson (Docket No. 131), and subsequent objections thereto, with respect to defendants' motions to dismiss (Docket Nos. 73 and 75), as well as plaintiffs' motion for leave to file an amended complaint (Docket. No. 139). For the following reasons, the Court will, after briefly addressing objections from both parties, accept and adopt the R&R, resulting in the allowance of defendants' motions to dismiss.[1]

---

[1] The Court is also in receipt of plaintiffs' motion for leave to file an amended complaint, which will be duly considered on its own after receipt of responsive pleadings from defendants.

## I.  **Background**

Plaintiffs in this case are retired AT&T employees and former participants in the AT&T Pension Benefit Plan ("the Plan") which is a defined-benefit plan protected by the Employee Retirement Income Security Act of 1974 ("ERISA").[2]  Plaintiffs bring this action against defendants for the alleged violation of ERISA by the purchase of group annuity contracts from Athene Annuity and Life Company and Athene Annuity & Life Assurance Company of New York, subsidiaries of Athene Holding Ltd. (collectively, "Athene").

The subject transaction, known as a Pension Risk Transfer ("PRT"), relieved the Plan of its obligations to account for the plaintiffs' retirement payments and transferred that responsibility to Athene.  Because a PRT essentially terminates the Plan in favor of the annuities, plan participants lose protection from both ERISA and the Pension Benefit Guaranty Corporation (PBGC).  Plaintiffs allege that the subject purchase was made in violation of defendants' fiduciary duties under ERISA.

---

[2] Important to this case is the distinction between a defined-<u>benefit</u> plan, which is paid out in pre-defined amounts without respect to the value of the plan, and a defined-<u>contribution</u> plan in which benefits may fluctuate with the value of plan investments.

-2-

## II.  Objections to R&R

### A. Defendants' Objections

The R&R concludes that plaintiffs have alleged an actual injury based upon their receipt of less valuable annuities than that to which they were entitled.  Defendants' object that retirement benefits are non-transferable and therefore cannot be rendered less valuable based upon increased risk.  They assert that there is no concrete injury because plaintiffs' injuries cannot be realized through a secondary market.

Although this Court recognizes this as a close question, it ultimately agrees with the reasoning set forth in the R&R.  In determining whether a harm is cognizable for the purpose of Article III standing, courts look for comparisons to harms traditionally recognized as providing the basis for a lawsuit. TransUnion LLC v. Ramirez, 594 U.S. 413, 424 (2021).  As the Magistrate Judge points out, there would be little question as to whether an annuity recipient is harmed if he or she received a riskier product than was purchased.  That the annuities at issue here cannot be resold is not controlling, nor is the fact that they were purchased by a fiduciary.  Plaintiffs received an inferior financial benefit than that to which they were entitled, a harm that bears a "close relationship" to harms "traditionally recognized" as giving rise to suit. Id.  While a secondary market may provide a basis for measuring that harm,

-3-

the lack thereof does not automatically foreclose its proof.
Defendants' objections will be overruled.

### B. **Plaintiffs' Objections**

The R&R concludes that plaintiffs failed to identify a
breach of the fiduciary duty of prudence.  They respond that, in
doing so, the R&R misinterpreted Supreme Court precedent and
applied an incorrect, heightened standard that led the
Magistrate Judge to draw incorrect inferences in defendants'
favor.

The Magistrate Judge found that plaintiffs must show that
"a prudent fiduciary in the defendant's position could not have
concluded that" Athene was a suitable annuity provider (citing
Fifth Third Bancorp v. Dudenhoeffer, 573 U.S. 409, 411 (2014).
Plaintiffs assert that, in that case, the Supreme Court applied
the "could-not-have" standard in a context-specific inquiry that
does not apply in this case.

Plaintiffs' argument is unavailing for at least two
reasons.  First, it is unclear that the precedent cited by
plaintiffs stands for the argument that the "could-not-have"
standard is limited to the facts of Fifth Third Bancorp.
Second, and more importantly, the "could-not-have" standard does
not represent a heightened pleading standard at all.  Courts
have interpreted Fed.R.Civ.P. 12(b)(6) in ERISA claims as
requiring a plaintiff to plead facts that, if true, show that a

-4-

prudent fiduciary would have acted differently in like circumstances. See Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 727 (2d Cir. 2013); Sellers v. Trs. of Coll., 647 F. Supp. 3d 14, 25 (D. Mass. 2022); Meiners v. Wells Fargo & Co., 898 F.3d 820, 822 (8th Cir. 2018). Demonstrating that a prudent fiduciary would have acted differently than defendants is consistent with showing that a prudent fiduciary could not have acted as defendants did. The Magistrate Judge properly applied that standard and found that plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs' objections will be overruled.

## ORDER

For the foregoing reasons, and after consideration of the objections thereto (Docket Nos. 134 and 135), the Report and Recommendation of Magistrate Judge Paul G. Levenson (Docket No. 131) is accepted and adopted and defendants' motions to dismiss (Docket Nos. 73 and 75) are **ALLOWED**.

**So ordered.**

Nathaniel M. Gorton
Senior United States District Judge

Dated: September 30, 2025