**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **Piercy et al,**<br>**Plaintiff,**<br>**v.**<br>**AT&T Inc. et al,**<br>**Defendant.** | **Civil Action No. 24-10608-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

The Court has received and reviewed the Report and Recommendation ("the Second R&R") of Magistrate Judge Paul G. Levenson and subsequent objections thereto, with respect to the motions to dismiss the amended complaint of AT&T Inc., AT&T Services, Inc., the Benefit Plan Investment Committee, Pascal Desroches, George Goeke, Debra Dial, William Hammond and Julianne Galloway (collectively, "AT&T et al") and State Street Global Advisors Trust Co. and Denise R. Sisk (collectively, "SSGA defendants"). For the reasons set forth herein, the Court will, after briefly addressing the objections, accept and adopt the Second R&R, thereby allowing, in part, and denying, in part, defendants' motions to dismiss.

## I. **Background**

Lanell Piercy, Willa G. Ward, Thomas L. Mazzeo, Sue Rush, Catherine Schloss, Patricia Tate-Jackson and Darlene Wilson, individually and as representatives on behalf of a class of similarly situated persons (collectively, "plaintiffs" or "Piercy et al"), are retired AT&T employees and former participants in the AT&T Pension Benefit Plan ("the Plan"). AT&T engaged in a pension risk transfer transaction ("PRT") that terminated the Plan, a traditional defined-benefits plan, in exchange for annuity contracts issued by an insurance company, Athene Annuity and Life Company and Athene Annuity & Life Assurance Company of New York, subsidiaries of Athene Holding Ltd. (collectively, "Athene"). While a defined-benefits plan is protected by the Employee Retirement Income Security Act of 1974 ("ERISA"), annuity contracts issued by an insurance company are not. 29 U.S.C. § 1341(b)(3)(A)(i). PRTs are, nevertheless, expressly permitted by ERISA.

AT&T delegated its fiduciary duty to State Street Global Advisors ("SSGA") to select an annuity provider, in this case Athene. The Department of Labor Interpretive Bulletin 95-1 ("IB 95-1") requires that the annuity provider selected be sufficiently competent to protect the participants' investments. Plaintiffs allege that by choosing Athene, a substandard insurance company that provides less valuable annuities, AT&T

and SSGA breached their fiduciary duty to act with loyalty and prudence towards AT&T employee Plan participants.

In September, 2025, this Court accepted and adopted Magistrate Judge Levenson's previous Report and Recommendation ("the First R&R") allowing defendants' motions to dismiss. In October, 2025, plaintiffs filed an amended complaint and defendants again moved to dismiss. Plaintiffs amended complaint contains no new material facts regarding their claims of disloyalty and prohibited transactions such that Magistrate Judge Levenson recommended dismissing the relevant claims (Counts I-III and V-X) for the same reasons set forth in the First R&R. Magistrate Judge Levenson did, however, find that Plaintiffs cured the defects of Count IV by alleging new material facts sufficient to survive the motions to dismiss.

## II. Objections to R&R

### A. Defendants' Objections

Defendants object to Magistrate Judge Levenson's Second R&R on two grounds that warrant consideration: first, they argue that plaintiffs do not allege an injury sufficient for Article III standing and second, they disagree that the facts alleged in plaintiffs amended complaint support plaintiffs' breach of prudence claim.

First, SSGA defendants joined by AT&T et al contend that because Piercy et al have not alleged a reduction in their monthly benefits, they do not have a cognizable injury sufficient for Article III standing. Defendants attest that plaintiffs are not individual owners of the annuities themselves, so that the reduction in value of the underlying account or annuity benefit cannot confer standing for them to sue.

The law of the case doctrine requires that a "legal decision made at" one stage of the proceeding "remains the law of that case throughout the litigation." United States v. Moran, 393 F.3d 1, 7 (1st Cir. 2004). Courts may revisit past decisions to avoid manifest injustice. Id. at 8. For example, a decision that was flatly wrong, unreasonable or relied upon inaccurate law and resulted in prejudice may be reconsidered. Id. In the First R&R, Magistrate Judge Levenson found and this Court agreed that Piercy et al have Article III standing. That conclusion remains unchanged.

As discussed at length in the Second R&R, plaintiffs were directly harmed by receiving a riskier and less valuable financial product, an annuity, than they were entitled to. That the annuities cannot be sold does not change that conclusion. See First R&R at 24. Furthermore, showing a loss of value is sufficient to establish standing; plaintiffs need not show that

there is an imminent risk of the provider's insolvency. Magistrate Judge Levenson thoroughly differentiates the facts of this case from *Thole* and other PRT benefit annuity cases in which standing was rejected. See Second R&R at 8-27. The Court agrees with Magistrate Judge Levenson that Piercy et al have Article III standing.

Second, SSGA defendants object to Magistrate Judge Levenson's finding that plaintiffs plausibly allege that SSGA breached its duty of prudence in Count IV. Specifically they challenge the insurance comparators chosen by plaintiffs, contending that the risk-based capital ratio ("RBC") must be used for comparison purposes and assert that Athene's separate account is not riskier than the accounts of other insurers.

SSGA defendants aver that the RBC is the primary industry standard ratio to be used when evaluating annuity providers. In the amended complaint, and as discussed by Magistrate Judge Levenson, plaintiffs compare Athene to five other PRT providers based on several metrics: the ratio of surplus to liabilities, total liabilities, percentage increase in affiliated assets, total affiliated assets relative to surplus, and aggregate usage of affiliated reinsurance and modified co-insurance. Despite defendants' argument to the contrary, the Court declines to decide, at this stage of the case, which sides' proposed metric is better. See Second R&R at 45 (citing Brookins v.

Northeastern Univ., 731 F. Supp. 3d 112, 118-19 (D. Mass. 2024)).

SSGA defendants further contend that the only relevant comparators to Athene are those annuity providers that compete in multi-billion-dollar PRT transactions. While Piercy et al could perhaps determine which annuity providers offer the same products as Athene, they would still not know which of those insurers were actually available for the AT&T PRT. Identifying other annuity providers available for the AT&T PRT and comparing those providers to Athene is a factual analysis best resolved at a later stage of the litigation.

Finally, Magistrate Judge Levenson found that although a separate account could provide additional protection of assets, plaintiffs plausibly allege that Athene's investment practices and reliance on affiliated party transactions makes its separate account riskier. SSGA defendants contend that plaintiffs' allegations regarding Athene's separate account are unfounded and because the Insurance Commissioners of New York and Iowa must approve Athene's investment policies and practices before it can issue annuity contracts, their investment practices cannot be risky. In the context of this Rule 12(b)(6) motion to dismiss, the Court will take plaintiffs' factual allegations regarding the riskiness of Athene's separate account as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, the

Court agrees with Magistrate Judge Levenson's finding that plaintiffs cured the defects in the initial complaint and plausibly allege that the process SSGA undertook in selecting Athene was flawed, thereby breaching its fiduciary duty of prudence.

**B. Plaintiffs' Objections**

Piercy et al object to Magistrate Judge Levenson's finding that AT&T is not liable for the selection of Athene. This objection warrants brief consideration.

Piercy et al contend that AT&T played an active role in selecting Athene and should be held liable for breaching its fiduciary duty along with SSGA. Deciding whether to terminate a benefit plan is "a settlor function immune from ERISA's fiduciary obligations" while the process of selecting an annuity provider is an administrator's function with fiduciary obligations under ERISA. See First R&R at 39-40; Beck v. PACE Int'l Union, 551 U.S. 96, 101-02 (2007). AT&T, the settlor, hired SSGA as its independent fiduciary to choose an annuity provider, effectively delegating the decision-making process to SSGA. AT&T maintained final authority only to purchase the annuity contracts from the recommended annuity provider.

Aside from AT&T's purchase of annuities and knowledge of the price charged by Athene, plaintiffs do not allege sufficient facts to support an inference that AT&T influenced that

decision. As the Magistrate Judge found in the First and Second R&Rs, there are no allegations that AT&T:

> meddled in the selection process, ignored red flags, or failed in their monitoring obligations,

or even knew that SSGA had breached its fiduciary duty in purchasing the annuity contracts from Athene. Second R&R at 52; contra Doherty v. Bristol-Myers Squibb Co., No. 24-CV-06628, 2025 WL 2774406, at *11 (S.D.N.Y. Sept. 29, 2025) (claim survived motion to dismiss because defendants knew that SSGA breached its fiduciary duty when it proposed retaining Athene). Purchasing the annuity contracts offered by Athene at the direction of SSGA, without more, is not enough to support an inference that AT&T is liable for breach of its fiduciary duty.

## III. Order

For the foregoing reasons, and after consideration of the objections thereto, the Report and Recommendation of Magistrate Judge Paul G. Levenson (Docket No. 179) is **ACCEPTED** and **ADOPTED**.

Defendants' motions to dismiss (Docket Nos. 149 and 152) are, with respect to Count IV of Plaintiffs' Amended Consolidated Complaint, **DENIED**, but otherwise **ALLOWED**.

**So ordered.**

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: September 28, 2026